IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY L. MERRETTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:24-cv-108 |
| ) | Judge Stephanie L. Haines |
| BLAIR COUNTY PRISON, *et al.*, ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM ORDER

Presently before the Court is a complaint in civil action under 42 U.S.C. § 1983 filed *pro se* by Terry Merritts ("Plaintiff") (ECF No. 16). Plaintiff complains of mistreatment in violation of his civil rights while he was incarcerated as a pretrial detainee at Blair County Prison. Plaintiff sues Sgt. Chad Murrey, a corrections officer, for slamming Plaintiff down on a medical examination table causing Plaintiff injury. ECF No. 16, p. 5. Plaintiff sues the prison itself, Prime Medical Care, the contracted medical provider for the prison, Warden Abbie Tate, Jennifer Bennett, a physician's assistant, Anne Frioli, a mental health nurse, and Tiffany Jones, another nurse for negligently medicating him with Prozac, Topamax, and Trileptal for 30 days. ECF No. 16, p. 5. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108

---

[1] *See* ECF No. 6, Plaintiff's Motion for Leave to Proceed in forma pauperis. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 15).

1

(3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

On May 28, 2024, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 17) recommending Plaintiff's Complaint be dismissed in part. Judge Pesto found that Plaintiff had pled sufficient allegations against Defendant Murrey for the claim to proceed. ECF No. 17, p. 2. This Court agrees. As to the other Defendants, Judge Pesto found that Plaintiff had failed to state a claim for which relief can be granted and recommended dismissal of all other defendants. Judge Pesto provided several bases for the dismissal. First, under Fed.R.Civ.P. 20(a)(2), he found the two allegations to be improperly joined. ECF No. 17, p. 2. Second, Judge Pesto found that Plaintiff did not plead sufficient facts against P.A. Bennett, and Nurses Frioli and Jones for a plausible claim, even affording latitude for Plaintiff as a *pro se* litigant. ECF No. 17, pp. 2-3. Judge Pesto stated that Plaintiff has not plead the elements to support an Eighth/Fourteenth Amendment claim of cruel and unusual punishment and that Plaintiff's claim is closer to a state claim of negligence. ECF No. 17, p. 3. Third, Judge Pesto found that Plaintiff improperly names the medical care contractor, the warden, and the prison as defendants. ECF No. 17, p. 3. These defendants are only

plausible parties to the case if Plaintiff alleged that there was a policy in place by the entities that supported employees negligently administering medications. Thus, Judge Pesto recommended these defendants be dismissed. ECF No. 17, p. 3. Finally, Judge Pesto found that providing Plaintiff an opportunity to amend his Complaint would be futile to preserve his claim against any defendant but Murrey. ECF No. 17, p. 4. Judge Pesto provided Plaintiff with fourteen days to object to his findings. ECF No. 17, p. 4. To date Plaintiff has not filed objections and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 17) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in part the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Plaintiff has pled a plausible case against defendant Murrey. The Court also agrees that Plaintiff failed to plead a plausible federal claim under the Fourteenth Amendment as to the negligent administration of the drugs Prozac, Topamax, and Trileptal.[2] *See* Eighth Amendment discussion, ECF No. 17, pp. 2-3; *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). In addition, this Court finds that Defendants Blair County Prison, Warden Tate, and Prime Care Medical Inc. are not proper defendants and any amendment to support suing them would be futile. As to the individual defendants who allegedly "negligently and wrongfully" administered medications to Plaintiff, the Court will allow Plaintiff an opportunity to amend the claim *only* as specified in the Order below.

---

[2] "The Court reiterated that 'Eighth Amendment scrutiny is appropriate only after ... [conviction].' *Id.* It therefore viewed the Eighth Amendment as relevant to conditions of pre-trial detainees only because it established a floor. The Court explained: 'the due process rights of a [pre-trial detainee] are *at least* as great as the Eighth Amendment protections available to a convicted prisoner.' *Id.* (citing *Bell v. Wolfish* )." *Hubbard v. Taylor*, 399 F.3d 150, 165–66 (3d Cir. 2005).

Accordingly, after *de novo* review of the pleadings in case, together with the Report and Recommendation the following order is entered:

**ORDER**

AND NOW, this 7th day of March, 2025, IT IS ORDERED that Plaintiff's Complaint in Civil Action (ECF No. 16) is hereby DISMISSED in part; and

IT IS FURTHER ORDERED that the claims against Defendants Blair County Prison, Prime Care Medical Inc., and Warden Abbie Tate are hereby DISMISSED with prejudice and these defendants shall be terminated from the case; and

IT IS FURTHER ORDERED that the claim against Defendants Jennifer Bennett, Anne Frioli, and Tiffany Jones is hereby DISMISSED without prejudice. Plaintiff may assert this claim in a separate filing either in federal or state court properly asserting the necessary facts under either federal or state law, respectively and with the appropriate filing fee; and

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 17) is adopted in part as the Opinion of the Court; and,

IT IS FURTHER ORDERED that this case is returned to the jurisdiction of Magistrate Judge Pesto for further proceedings only as to the claim of excessive force against Defendant Chad Murrey.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge